IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

KENNETH JORDAN
and GLORIA JORDAN                                                                           PLAINTIFFS

VS.                                                             CIVIL ACTION NO.  2:07CV66KS-MTP

AMERICAN SUZUKI MOTOR CORPORATION,
and HATTIESBURG CYCLES, INC.                                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a motion for an order of remand filed by plaintiffs. From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the court FINDS that the motion is not well taken and should be denied.  The court specifically finds as follows:

FACTUAL BACKGROUND

Plaintiffs filed suit against defendants American Suzuki Motor Corporation ("Suzuki") and Hattiesburg Cycles, Inc. ("Cycles") on February 21, 2007 in Circuit Court of Forrest County, Mississippi, seeking damages as a result of a motorcycle accident.  Plaintiffs are residents of Mississippi.  Suzuki is a California corporation with its principal place of business in California, and Cycles is a Mississippi corporation with its principal place of business in Mississippi.

In their complaint, plaintiffs allege that on March 4, 2006, Mr. Jordan purchased a motorcycle from Cycles that had been manufactured by Suzuki, and that later that same day Mr. Jordan was riding the motorcycle when it suddenly veered off the road, causing him severe pain and injuries.  Plaintiffs allege that the reason for the accident was that the motorcycle was

1

defective and unreasonably dangerous.  Plaintiffs assert claims against defendants for strict liability, breach of warranty, breach of contract and tortious breach of contract, and seek compensatory damages, punitive damages and attorneys' fees.

On March 23, 2007, Suzuki removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[1]  Suzuki contends in its Notice of Removal that no party that property joined as a defendant is a citizen of the state of Mississippi, and that therefore there is complete diversity among the parties.[2]  Specifically, Suzuki contends that Cycles has been improperly joined in this action because plaintiffs cannot recover against it pursuant to the Mississippi Products Liability Act, Mississippi Code Annotated § 11-1-63 *et. seq.*  Plaintiffs filed a motion to remand on March 27, 2007.[3]

## STANDARD OF REVIEW

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of

---

[1] Cycles consented to and joined in the removal.

[2] There is no dispute among the parties as to whether the amount-in-controversy requirement of section 1332 has been met.

[3] The court notes that plaintiffs' motion to remand violates Rule 7.2 of the Uniform Local Rules, which requires, for all written motions, that counsel for the moving party "shall submit to the presiding judge a memorandum of authorities upon which counsel relies."  Plaintiffs filed no such memorandum with the court nor did they cite any authorities in their motion.  For that reason alone, the court is inclined to deny the motion.  Nevertheless, this court will address the merits of the motion because it deals with subject matter jurisdiction.

$75,000.00, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). **After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."** 28 U.S.C. § 1447(c). **As the removing party, Suzuki has the burden of proving that this court has jurisdiction to hear the case.** *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). **Suzuki also bears the burden of demonstrating that jurisdiction is proper due to fraudulent joinder.** *Id.* *See also Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003), *cert. denied*, 126 S.Ct. 335 (2005). **That burden is "a heavy one."** *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)). **Moreover, federal courts are to construe removal statutes "strictly against removal and for remand."** *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citations omitted).

**To establish fraudulent joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."** *Travis*, 326 F.3d at 647 *(citing Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). **Suzuki is asserting only the latter basis for jurisdiction. In the absence of actual fraud, in order to establish that Cycles was improperly joined,[4] Suzuki must prove that there is no "arguably [ ] reasonable basis for predicting that state law might impose liability" on Cycles.** *Ross*, 344 F.3d at 462 (*citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.

---

[4] The Fifth Circuit has recently "adopted the term 'improper joinder,' rather than 'fraudulent joinder,'" stating that "[w]hile there is no substantive difference between the two terms, the phraseology 'improper joinder' is preferred." *McDonal v. Abbott Labs.*, 2005 WL 957142, at * 6 n.1 (5th Cir. 2005) (*citing Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (*en banc*)).

2002)).  The court in *Ross* emphasized that "[t]his means that there must be a *reasonable possibility* of recovery, not merely a *theoretical* one." *Id.* (*citing Great Plains*, 313 F.3d at 312) (emphasis in original).  As part of its review, the court is required to "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* at 463 (*citing Travis*, 326 F.3d at 649).  And the court must resolve all ambiguities in state law in favor of the non-moving party. *Id.* (*citing Travis*, 326 F.3d at 649).  Even under this standard, the party seeking remand may not rely on conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant. *See Badon v. R.J.R. Nabisco Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000).  Moreover, the reviewing court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support its claims against the non-diverse defendant. *Id.* (*citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Furthermore, in reviewing allegations of improper joinder, it is appropriate for this court to pierce the pleadings to consider summary judgment type evidence. *Ross*, 344 F.3d at 462-63 (*citing Travis*, 326 F.3d at 648-49).  Indeed, the Fifth Circuit has stated that "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment...A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties." *LeJeaune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).  *See also Badon*, 224 F.3d at 390 ("[T]hus it is clear that although a state court complaint on its face may allege a state law claim against an in-state defendant that does not preclude it from

being removable (by the non-resident defendant), when filed, if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant.").

## ANALYSIS

Suzuki argues that Cycles is insulated from liability pursuant to the MPLA, which "applies in any action for damages caused by a product except for commercial damage to the product itself." Miss. Code Ann. § 11-1-63.[5]  Plaintiffs have indicated in their motion to remand that their claim against Cycles is essentially "*failure to warn* as well as liability due to exercising substantial control." (Motion to Remand ¶ 7) (emphasis in original). Subsection (a)(2) of the MPLA, which governs warnings claims, provides that "[t]he manufacturer or seller of the product shall not be liable if the claimant does not prove by a preponderance of the evidence that at the time the product left the control of the manufacturer or seller: 2. The product was defective because it failed to contain adequate warnings or instructions."  The MPLA also contains a provision that was enacted specifically "to immunize innocent sellers who are not actively negligent but instead are mere conduits of a product." Miss. Code Ann. § 11-1-63(h).  That subsection provides that in products liability actions alleging that a product is defective pursuant to paragraph (a),

> the seller of a product other than the manufacturer shall
> not be liable unless the seller exercised substantial control

---

[5] Plaintiffs have conceded that the MPLA applies to their claims in this case.

>       over that aspect of the design, testing, manufacture,
>       packaging or labeling of the product that caused the harm
>       for which recovery of damages is sought; or the seller altered
>       or modified the product, and the alteration or modification was
>       a substantial factor in causing the harm for which recovery of
>       damages is sought; or the seller had actual or constructive
>       knowledge of the defective condition of the product at the time
>       he supplied the product.

Miss. Code Ann. § 11-1-63(h). Thus, plaintiffs' claims against Cycles, the seller, must fail unless they can prove that one of the requirements of subsection (h) is met.

In opposition to the motion to remand, Suzuki has submitted an affidavit from William Moore, the General Manager of Cycles. Mr. Moore explained that after the subject motorcycle had arrived at Cycles, a Cycles employee unpacked it from its shipping container and installed the last few items not already installed prior to shipping, including the windshield, mirrors and brake and clutch cables on the handlebars. In addition, Mr. Moore stated that before Mr. Jordan took possession of the motorcycle, this employee prepped the motorcycle for delivery, which included a test drive of the motorcycle to check the operation and performance of its various systems, and he did not observe any problems with the motorcycle. Finally, Mr. Moore's affidavit tracks the language of 11-1-63(h), averring that no representative of Cycles exercised substantial control over any aspect of the design, manufacturing, packaging or labeling of the subject motorcycle, no representative of Cycles performed any alteration or modification to the subject motorcycle, no representative of Cycles had any knowledge of any allegedly defective condition of the subject motorcycle, and Cycles had no reason to believe the subject

motorcycle was defective in any manner.

In response, plaintiffs have failed to even attempt to controvert any of the averments in Mr. Moore's affidavit, choosing instead to rely on the allegations in their complaint. Plaintiffs argue that based on the allegations in their complaint, there is a question of fact as to Cycles' liability. In their complaint, plaintiffs allege the following facts as the basis for Cycles' liability: that at the time the motorcycle was sold to plaintiff, "it was in a defective condition, unreasonably dangerous to users, and specifically to Plaintiff"; that Cycles "failed to make certain that final adjustments and/or assembly of the Suzuki motorcycle were properly completed before delivery to Plaintiff"; that Cycles "did not inquire as to Plaintiff's experience level, or whether he had currently, or ever possessed a motorcycle license"; that Cycles did not "require[ ], suggest[ ], or offer[ ] any training on why the Suzuki Hayabusa is so much more inherently dangerous of a motorcycle than normal, non-racing level motorcycle models"; that Cycles failed to provide "sufficient warning" of the defect; that "Cycles bore an additional burden of making a final inspection of the subject motorcycle before placing an unwarned consumer, Plaintiff, upon subject motorcycle"; and that Cycles "knew, or should have known by the exercise of reasonable diligence" that the product was defective. Plaintiffs do not specify what the motorcycle's alleged defect is.[6]

Even taking these factual allegations in the light most favorable to the plaintiffs and resolving all ambiguities in state law in plaintiffs' favor, as this court must, the court finds

---

[6] Count I of the complaint refers to the "potential for the motorcycle to be difficult to control and suddenly veer off the road."

that there is no arguably reasonable basis for plaintiffs to recover against Cycles under Mississippi law.  Plaintiffs allegations are simply too generic and conclusory.  In addition, Mr. Moore's affidavit, which is uncontroverted, establishes that Cycles did not (1) exercise substantial control over any aspect of the design, testing, manufacturing, packaging or labeling of the motorcycle that allegedly caused plaintiffs' harm; (2) perform any alteration or modification to the motorcycle that was allegedly a substantial factor in causing plaintiffs' injuries; or (3) have actual or constructive knowledge of any alleged defect in the motorcycle.  Indeed, plaintiffs have not even specified in what manner the motorcycle was defective.  As a result, this court has no choice but to find that plaintiffs have no reasonable basis to recover against Cycles under Mississippi law.

Accordingly, the court finds that Cycles was improperly joined and, therefore, it should be dismissed from this action.  With Cycles no longer a defendant in this case, there is complete diversity among the parties and therefore this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and plaintiffs' motion to remand should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiffs' motion to remand [# 4] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that defendant Cycles is dismissed from this case with prejudice.

SO ORDERED and ADJUDGED on this, the 22nd day of May, 2007.

                        *s/Keith Starrett*
                        **UNITED STATES DISTRICT JUDGE**