IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

KENNETH JORDAN
and GLORIA JORDAN                                                                                          PLAINTIFFS

v.                                                                                      CIVIL ACTION # 2:07cv66-KS-MTP

AMERICAN SUZUKI MOTOR CORPORATION                                                    DEFENDANT

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Plaintiffs' motion for reconsideration [# **32**]. Because the Plaintiffs have failed to produce newly discovered evidence which through due diligence could not have been discovered previously, or to show that they were the victims of fraud, misrepresentation or other misconduct by an adverse party, their motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(2) and (b)(3) should be **denied**.

FACTUAL BACKGROUND

On March 4, 2006, Kenneth Jordan ("Jordan") purchased a brand new Suzuki Hayabusa GSX1300RX from Hattiesburg Cycles. The Hayabusa leads the hyper-sport class of motorbikes, and is widely regarded as the fastest production motorcycle in the world.

Sadly for Jordan, his joy of owning the bike was short-lived. Just hours after purchase, Jordan crashed the motorcycle near his home in Laurel. He was navigating a curve in the road at an excessive speed when he lost control of the bike. Jordan swerved off the road and collided with a drainage culvert, sending him and the bike airborne. Both landed on a row of mailboxes,

1

flipped end-over-end, and came to rest in the yard of a nearby residence. Jordan sustained extensive injuries, including severe internal bleeding, a fractured wrist and vertebra, and a separated pelvis. The odometer on the crashed bike read six miles.

Jordan and his wife brought suit against American Suzuki Motor Corporation ("Suzuki") and Hattiesburg Cycles in February of 2007. The Jordans claimed that his wreck was caused by defective manufacturing or assembly of the bike by the two Defendants. Shortly thereafter the Defendants removed to this Court, claiming that Hattiesburg Cycles was improperly joined because they were protected by Mississippi innocent seller laws.

The Jordans responded by moving to remand, claiming that "Defendant Cycles role [sic] in *not warning* of the unreasonably dangerous condition of the subject motorcycle and that Defendant Cycles exercised substantial control" (emphasis in original). The Jordans' counsel offered neither evidence nor a memorandum of authority to support their position, and made no attempt to controvert the affidavits placed in evidence by the Defendants. The Court denied the motion to remand [# **13**], finding that the Jordans' then-conclusory allegations lacked evidentiary support and had created no reasonable basis for the Court to predict that they might be able to recover against Hattiesburg Cycles.

The Jordans now ask the Court to reconsider this decision under Federal Rule of Civil Procedure 60(b). Curiously, they assert that the Court was correct in originally denying remand, and do not ask the Court to directly revisit that decision. Instead, they claim that newly discovered evidence, unavailable prior to the remand motion despite their counsel's diligence, now establishes a viable claim against Hattiesburg Cycles that has a reasonable basis for success. They further claim that counsel for Hattiesburg Cycles fraudulently withheld this evidence, and

mislead the Jordans and the Court when briefing the remand motion. According to the Jordans, the evidence and the actions of opposing counsel should lead the Court to relieve them from the prior judgment and reinstate their claims against Hattiesburg Cycles.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b)(2) allows a party to seek relief from a judgment upon a showing of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b). To prevail under Rule 60(b)(2), a movant "must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom,* 340 F.3d 238, 257 (5th Cir. 2003). The movant must show that they exercised due diligence in seeking the relevant evidence, as the "unexcused failure to produce the relevant evidence at the original trial can be sufficient without more to warrant denial of a rule 60(b) motion." *Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 999 (5th Cir. 2001) (citations omitted). If the newly discovered evidence is merely cumulative as to material already in evidence, the judgment will not be disturbed. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 640 (5th Cir. 2005).

Federal Rule of Civil Procedure 60(b)(3) permits a party to obtain relief from an adverse judgment based on "fraud...misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). To prevail under Rule 60(b)(3), the plaintiff must produce "clear and convincing evidence" that the opposing side "engaged in fraud or other misconduct" that prevented them from presenting their case. *Sangi v. Fairbanks Capital Corp.*, 219 Fed. Appx.

3

359, 362 (5th Cir. 2007). Such misconduct might include "evidence that the opposing party withheld information called for by discovery or willfully committed perjury." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 156-57 (5th Cir. 2004). The rule does not require that the withheld material be sufficient to overturn the prior judgment, but is focused instead on those judgments that were wrongfully obtained, and not those that are factually incorrect. *Hesling*, 396 F.3d at 641.

The decision whether to grant relief under either section of Rule 60(b) "lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) (citations omitted). The district court only abuses this discretion if it acts with "an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Kennedy v. Texas Utilities*, 179 F.3d 258, 265 (5th Cir. 1999) (citations omitted).

<u>The Jordans' claim of "new evidence" under Rule 60(b)(2)</u>

The Jordans claim that their receipt of new evidence should allow them to revive their claims against Hattiesburg Cycles. Specifically, they claim the receipt of the Vehicle Pre-Delivery Inspection Form attached to an Assembly and Pre-Delivery Service Guide notified them that Hattiesburg Cycles had a greater pre-sale role in the bike than they previously believed. To weigh this claim, the Court will examine these documents individually.

When Jordan purchased the Hayabusa, he signed a Vehicle Pre-Delivery Inspection Form (the "Inspection Form") provided by Hattiesburg Cycles. Along with identifying information about Jordan's bike, the form indicated a number of assembly and service tasks performed by

Hattiesburg Cycles on Jordan's Hayabusa.  The form stated that employees of Hattiesburg Cycles had: (1) removed the bike from its packaging; (2) installed the front brake and clutch cables; (3) installed mirrors and frame covers; (4) routed and adjusted the wiring, clutch cables, throttle cables, brake cables, and choke cables; and (5) inspected all lights and electrical signals.  The Inspection Form also stated that Hattiesburg Cycles had inspected all cotter pins and fasteners, tightened all nuts and bolts, torqued all fasteners listed in the assembly service guide, and finally rechecked the routing of all cables and wiring.

Both Jordan and an employee of Hattiesburg Cycles signed the Inspection Form, and Jordan was given a copy with his sale paperwork.  When Jordan filed suit against Hattiesburg Cycles and Suzuki, he still had a copy of the Inspection Form from when he purchased the Hayabusa.  In fact, the Jordans' counsel properly disclosed his copy of the Inspection Form during the parties initial disclosures.

The Jordans' counsel, however, advances the unusual theory that the Inspection Form should be deemed "newly discovered" by this Court because of "its general and non-detailed nature."  Their counsel claims that because he did not understand the activities described on the Inspection Form, he could not articulate a theory against Hattiesburg Cycles until more documents were exchanged during post-remand disclosures.  It was not until the Jordans' counsel received these other documents in discovery that it "became clear the actual level of control exerted by Hattiesburg Cycles" as described in the Inspection Form.  In other words, the Plaintiffs claim they have not "discovered" the document until they understand it.

It would require an exceptionally tortured reading of the words "newly discovered" under Rule 60(b)(2) to encompass material not only previously available but actually identified and

disclosed by the movant.  Even if the Jordans were negligent in not providing their copy of the Inspection Form to their attorneys (an argument not in evidence), a party's negligence in dealing with their own attorney cannot convert otherwise available material into newly discovered evidence. *See Farm Credit Bank of Tex. v. Guidry*, 110 F.3d 1147, 1154 (5th Cir. 1997) ("facts known to a party before trial, even though they were not disclosed to his attorney until after trial, need not be regarded as 'newly discovered' facts"), *rev'd in part on other grounds*, *In re Orso*, 283 F.3d 686 (5th Cir. 2002).

Moreover, the disingenuous argument by the Jordans' attorneys about their belated realization of how the document impacts their case is equally unpersuasive.  If the Plaintiffs wished to reinforce their claim that Hattiesburg cycles was not an innocent seller, then they needed only submit the Inspection Report as evidence while their motion to remand was pending.  They chose not to do so, and Rule 60(b) does not furnish them an opportunity to revisit that decision.

The key to understanding the Inspection Form, according to the Jordans' counsel, was the Service Guide.  After the motion to remand was denied, Suzuki gave the Plaintiffs, as part of ordinary discovery, a copy of the Assembly and Pre-Delivery Service Guide for the GSX1300RX Hayabusa ("the Service Guide").  In 23 pages, the Service Guide describes precisely how employees of dealerships are to perform the pre-delivery maintenance and assembly.  The Service Guide takes the employee from exactly how to remove the bike from the shipping crate to what to look for after the test ride, and all steps in-between.

The Jordans' counsel fervently maintains that "no amount of diligence on the part of the

Plaintiffs would have produced" this document.[1]  The Court finds that this argument is simply without merit.

First, the Service Guide that the Plaintiffs claim was undiscoverable was directly mentioned in the Inspection Form. This is because all maintenance operations described on the Inspection Form were to be performed to the specifications contained in the Service Guide.  This is the very same Inspection Form that was in the Jordans' possession all along.  A careful reading of their own documents would have revealed the existence of the document that the Jordans' counsel now claims was indispensable.

Second, the Plaintiffs made no effort to use the remand related discovery permitted under the local rules to obtain the Service Guide or any other unknown material related to their motion. Uniform Local Rule 16.1(B)(2)(b) permits parties to pursue discovery related to the remand issue while the remainder of the case remains stayed.  Neither the Plaintiffs' ignorance of this rule, nor their failure to utilize it, could be deemed diligent enough to satisfy Rule 60(b)(2).

Finally, neither the Inspection Form nor the Service Guide meet the second prong of the Rule 60(b)(2) test, as the Jordans have failed to show that the evidence would have produced a different result were it submitted while the remand motion was pending.  The evidence in the record had already established that Hattiesburg Cycles had performed certain tasks on Jordan's bike prior to sale.  The Inspection Form exhaustively details what those tasks were, and the Service Guide describes how they were to be carried out.  Even if the Court were to consider them newly discovered, the documents are cumulative as to the fact that Hattiesburg Cycles had a

---

[1] The Jordans' counsel makes the same claim about the Inspection Form, the very document he turned over to Suzuki.  Certainly the bare minimum of diligence necessary under Rule 60(b)(2) requires a party to be familiar with documents that are in its own possession.

significant role in pre-sale service. The affidavit of Moore (discussed *infra*) had already established that, and neither document goes further in establishing liability against Hattiesburg Cycles for negligently performing that service.

### The Jordans' claim of fraud or misconduct under Rule 60(b)(3)

The Jordans' counsel also sees fraud and misconduct on the part of the Defendants for failing to produce the critical document earlier, and for "misleading" his client in a prior affidavit. The Plaintiffs claim that the affidavit of William Moore, the manager of Hattiesburg Cycles, discouraged them from seeking additional evidence for any theories against Hattiesburg Cycles.

In his affidavit, Moore briefly described the activities of Hattiesburg Cycles employees prior to delivery of the bike, noting that they:

> unpacked the motorcycle from its shipping container and installed the last few items not already installed prior to shipping, including the windshield, mirrors, and brake and clutch cables on the handlebars. Before Mr. Jordan took possession of the motorcycle, Street also prepped the motorcycle for delivery.

Mr. Moore stated that "no representative of Cycles exercised substantial control over any aspect of the design, testing, manufacturing, packaging, or labeling of the subject motorcycle" and that no employee "performed any alteration or modification to the subject motorcycle." Mr. Moore further stated that he was "not aware of any facts or circumstances upon which a verdict might be reached against Cycles in the above-styled action."

Even in light of the Service Guide, Moore's statements are neither untrue nor misleading. The employees of Hattiesburg cycles unpacked and prepared the vehicle for delivery, including

the final assembly for sale. Moore's affidavit tracks both the language of the innocent seller provision and adequately informs the Plaintiff that employees performed certain tasks to get the bike ready to ride off the lot. Moore also stated a legal conclusion about his understanding of potential liability for Hattiesburg Cycles, an opinion to which he is entitled.

The Plaintiffs make a tactless attempt to transform their disagreement with Moore's characterization of potential liability into a claim of fraud or misconduct against Hattiesburg Cycles.[2] Their argument is wholly without merit. As the opposing party, Moore was under no obligation to sketch out possible avenues of liability for the Plaintiffs, and neither were his attorneys. Moore provided a brief and accurate statement about what his employees had done, and supplemented that statement with his own conclusion of law. If the Jordans' attorneys relied on that conclusion, they did so at their own risk. Their miscalculation certainly does not permit them to return to the Court now and recklessly sling allegations of fraud in an effort to fix their mistake.

Aside from the legal conclusions, the affidavit by Moore put the Jordans' attorneys on actual notice that Hattiesburg Cycles employees were working on the motorcycle in some capacity prior to delivery. For whatever reason, the Plaintiffs decided to leave well-enough alone, and made no effort to follow-up those statements with a more thorough inquiry. It was their decision, and not any misconduct or fraud on the part of Hattiesburg Cycles, that resulted in their failure to produce evidence they now claim was essential to achieve remand. The

---

[2] In their memorandum, the Plaintiffs assert that "the Affidavit of William Moore shaped the arguments, or lack thereof, that Plaintiffs were able to make upon Hattiesburg Cycles." They also claim that "submitting the deficient affidavit to get [Hattiesburg Cycles dismissed] was at least misconduct if not arising to the level of fraud."

mechanism of Rule 60(b)(3) does not exist to reward counsel for crying fraud when they suffer the consequences of their own decisions, and hence cannot be used to relieve the Jordans of the denial of their motion to remand.

## **CONCLUSION**

The Plaintiffs have failed to establish that either document now submitted constitutes "newly discovered evidence" for purposes of Rule 60(b)(2), or that the underlying result of the remand motion should be changed if they were. Moreover, their unseemly allegations of fraud and misconduct against the opposing party under Rule 60(b)(3) are wholly unsubstantiated.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Plaintiffs' motion to reconsider the order dismissing Hattiesburg Cycles [# **32**] is **denied**.

SO ORDERED AND ADJUDGED on this, the 29th day of October, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE